OPINION
{¶ 1} Appellant, Tyson Weather, appeals from the trial court's revocation of his community control sanction. The facts underlying this appeal are set out in the *Page 2 
State's brief and are as follows:
 {¶ 2} On December 12, 2005, Weather pled guilty by bill of information to attempted possession of cocaine (crack) (more than twenty-five grams but less than one-hundred grams) in violation of R.C. 2923.02(A) and R.C. 2925.11(A), a second-degree felony. On January 11, 2006, the trial court sentenced Weather to a five-year term of community control including a "no breaks" special instruction.
 {¶ 3} Molly Drake, Weather's probation officer, informed him of the conditions of his supervision. (Tr. 12.) Drake informed Weather that he was not to violate any laws and to inform his probation officer immediately if the police arrested or questioned him. (Tr. 13.) On February 7, 2007, the Middletown Police arrested Weather for having cocaine and marijuana in his vehicle. (Tr. 13.) However, Weather failed to notify his probation officer that the Middletown Police arrested him. (Tr. 14.) Weather's mother called Drake on February 23, 2007 to report her son's arrest. (Tr. 14.) Drake also received a phone call from the Abbey Credit Union that Weather was a suspect in a forged check at the Credit Union. (Tr. 15.)
 {¶ 4} Weather was required to work regularly as part of his supervision. (Tr. 15.) Weather claimed that he was on workers' compensation; however, he failed to provide verification that he was receiving workers' compensation. (Tr. 15.) Weather also failed to report to the probation department as scheduled on February 20, 2007. (Tr. 15.) On that date Weather was in the custody of the Middletown Police; however, he failed to notify Drake that he would not make the appointment because he was in custody. (Tr. 16.)
 {¶ 5} On March 12, 2007, Drake filed a notice of community control violation *Page 3 
against Weather due to the above violations of his terms of community control. On April 2, 2007, the trial court held Weather's revocation hearing. At the conclusion of the hearing, the trial court found that Weather had violated the terms and conditions of his community control. (Tr. 45-46.) The trial court revoked Weather's community control and sentenced him to a four-year prison term. Weather filed a timely notice of appeal on April 27, 2007.
 {¶ 6} In his sole assignment of error, Weather claims that the trial court abused its discretion when it revoked his community control because the violations, to the extent that there were any, were de minimis. Specifically, Weather contends that the trial court failed to consider the mitigating circumstances that caused his failure to notify immediately his probation officer about his arrest. Additionally, Weather asserts that he did provide the probation department with the documentation of his workers' compensation.
 {¶ 7} Weather was initially placed under probation supervision on January 9, 2006. His probation supervisor was Brandon Hayes, but Ms. Drake began supervising Weather in November 2006. She testified she did not know whether Weather had informed Hayes that he was not working but was receiving workers' compensation, but there was nothing in the probation file to indicate that Weather had notified Hayes.
 {¶ 8} Ms. Hayes admitted that Weather had only failed to report to his probation officer once since he was placed on probation and that was February 20, 2007 while Weather was incarcerated in Middletown.
 {¶ 9} Weather testified he injured his back shortly after he was placed on *Page 4 
probation and he was receiving workers' compensation. Weather testified he provided Brandon Hayes with documentation that he was injured and was receiving workers' compensation. (T. 26.) He admitted he was arrested in Middletown driving a rental car and police recovered drugs from the front seat console. He denied the drugs were his. (T. 32.) Weather testified he did not call his probation officer after he was arrested because the police confiscated his cell phone and he did not know the probation officer's phone number. (T. 33.) He testified he did not call his mother to ask her to call his probation officer the day he was arrested because he was distraught over his arrest. (T. 35.) Later, Weather explained to the court that the documentation he provided Brandon Hayes about workers' compensation was a notice of a hearing before the Commission. (T. 41.)
 {¶ 10} At the conclusion of the hearing, the prosecutor reminded the court that Weather was originally charged with a felony two possession of crack cocaine which carried a mandatory sentence. (T. 41.) The prosecutor noted that he agreed to reduce the charge to an attempted possession so that Weather could receive probation, but that it would be a "no breaks" probation. Weather did not dispute the reason he was placed on strict probation. (T. 44.)
 {¶ 11} At the conclusion of the hearing, the trial court found that the State failed to prove that Weather had violated the probation requirement that he report on February 20, 2007 because he was incarcerated at the time. The court did not find that Weather violated his probation by possessing drugs because the State's evidence was based on hearsay. The court did, however, find that Weather had violated the requirement that he report immediately to his probation officer the fact of *Page 5 
his arrest. The court also found that Weather had failed to report that he was receiving workers' compensation to his probation officer. The trial court noted that although Weather had not yet been convicted of the drug possession charge in Middletown, the fact that Weather had been arrested in a car containing drugs, was very disturbing for someone on probation for the same charge.
 {¶ 12} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, ¶ 7. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. "In this context, we have often stressed that decisions are unreasonable if they are not supported by a sound reasoning process."Schlecht, supra. See, also, Jackson v. Jackson (2000),137 Ohio App.3d 782, 799, 739 N.E.2d 1203.
 {¶ 13} We cannot say the trial court abused its discretion in revoking Weather's probation. The trial court placed Weather on a "no breaks" strict probation in lieu of sentencing him. There was evidence in this record to support the trial court's finding that Weather violated two probation requirements. The appellant's assignment of error is Overruled. The Judgment of the trial court is Affirmed.
DONOVAN, J., and VALEN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, *Page 6 
sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1